UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.
ANTHONY RILEY, R54365,

    Petitioner,

v.

RICK HARRINGTON, Warden, Menard
Correctional Center,

    Respondent.

No. 13 C 7203
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony Riley ("Petitioner"), an inmate incarcerated at the Menard Correctional Center, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 7, 2013. The case is presently before the court on Respondent's motion to dismiss on the grounds that this petition is time-barred. For the following reasons, I grant Respondent's motion to dismiss and deny Petitioner's request for a certificate of appealability.

### I. BACKGROUND

Petitioner was sentenced to fifty years in prison after a Cook County jury convicted him of first–degree murder for fatally shooting Marcus Murphy in 2004. Petitioner testified that he shot Murphy in self-defense, but a disinterested witness testified that Murphy was unarmed. On appeal, Petitioner argued that: (1) jury instructions were improper; (2) the prosecution made prejudicial remarks during closing argument; and (3) the trial court erred in ruling that introduction of the victim's convictions would open the door for admission of Petitioner's prior convictions. The appellate court rejected these arguments, and the Illinois Supreme Court denied Petitioner's petition for leave to appeal ("PLA") on January 28, 2009. *People v. Riley*, 902 N.E.2d 1089 (Ill. 2009). The United States Supreme Court denied Petitioner's ensuing petition for a writ of certiorari on October 5, 2009. *Riley v. Illinois*, 130 S. Ct. 84 (2009) (Mem.).

1

Petitioner filed a postconviction petition, *see* 725 ILCS 5/122-1, *et seq.*, on April 1, 2010, arguing that trial counsel was ineffective for failing to: (1) support a motion to suppress Petitioner's statement; (2) discover and call a witness, Andre Clifton, who allegedly would have testified that Murphy was armed; (3) investigate Murphy's reputation for violence and street-gang membership; and (4) investigate Murphy's cousin's violent reputation and potential to lie that Murphy was unarmed. In support of his claims, Petitioner attached Clifton's February 26, 2010 affidavit; a March 13, 2010 affidavit signed by Alfred Nowden; and Petitioner's own January 18, 2010 affidavit, in which Petitioner averred that he told his trial attorney to interview Nowden and other witnesses before trial. The circuit court summarily dismissed the postconviction petition, the appellate court affirmed that judgment, and the Illinois Supreme Court denied the ensuing PLA on September 26, 2012. *People v. Riley*, 979 N.E.2d 886 (Ill. 2012).

Petitioner filed his § 2254 petition in this Court on October 7, 2013. Petitioner signed the petition on September 24, 2013, but provided no certificate of service. The petition raises seven claims: (1) trial counsel was ineffective for (a) failing to call Andre Clifton to testify that he took Murphy's gun as Murphy lay dying, (b) failing to support pretrial motions to suppress Petitioner's statement and quash his arrest, (c) failing to investigate and call witnesses to support Petitioner's self-defense theory, (d) failing to investigate the victim's and victim's cousin's reputation for violence and gang membership, (e) failing to prove that State's witness committed perjury; (2) ineffective assistance of appellate counsel for failing to allege trial counsel's ineffectiveness for failing to introduce evidence of the victim's prior convictions; (3) the trial court should have provided an involuntary manslaughter jury instruction; (4) the victim's conviction for unlawful use of a weapon should have been admitted to show a penchant for violence; (5) the trial court failed to provide a proper second-degree murder instruction; (6) the prosecutor made inappropriate statements during closing argument; and (7) Petitioner's sentencing enhancement was unconstitutional.

## II. DISCUSSION

A.      **Respondent's Motion to Dismiss Petitioner's § 2254 Petition**

Under 28 U.S.C. § 2244(d)(1), habeas petitions are untimely if they are filed more than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." In this case, the § 2244(d) limitations period began to run when the United States Supreme Court denied Petitioner's petition for a writ of certiorari on October 5, 2009, thereby ending direct review of his conviction and sentence. Under § 2244(d)(2), however, this one-year statute of limitations period is tolled while a state prisoner seeks postconviction relief in state court. 178 untolled days, therefore, lapsed before Petitioner mailed his postconviction petition on April 1, 2010 and tolled the limitations period.

The limitations period began running again when the Illinois Supreme Court denied Petitioner's postconviction PLA on September 26, 2012, thereby ending postconviction review. *See Lawrence v. Florida*, 549 U.S. 327, 332–36 (2007) (§ 2244(d) limitations period tolled during pendency of postconviction proceedings, but not during pendency of ensuing petition for writ of certiorari). The 187 days remaining of Petitioner's one-year limitations period expired on April 1, 2013. Thus, Petitioner's § 2254 petition was over six months late when it was filed on October 7, 2013.

Petitioner asserts that he is entitled to equitable tolling because of (1) an inmate law clerk's alleged miscalculation in measuring the applicable limitations period and (2) lockdowns and other "restrictions on law-library usage." Equitable tolling, however, is an "extraordinary remedy" that is rarely granted. *See Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013); *see also Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (internal quotation marks omitted). Equitable tolling is available only if a petitioner presents evidence demonstrating that (1) "extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition," and that (2) "he has diligently pursued his claim, despite the obstacle." *Holland v. Florida*, 130 S. Ct. 2549,

2559 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008); *see also Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (petitioner bears burden of showing entitlement to equitable tolling).

Equitable tolling is not warranted here. With regard to his first excuse, Petitioner presented no evidence to substantiate his claim that a prison law clerk's miscalculation caused him to file his petition late, only conclusory allegations bereft of specificity. Moreover, it is well-established that such miscalculations and misunderstandings of law do not constitute "extraordinary circumstances" warranting equitable tolling. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *see also Obriecht*, 727 F.3d at 750 ("attorney's misunderstanding or miscalculation of the AEDPA deadline alone does not constitute an extraordinary circumstance"); *Mueller v. Lemke*, No. 13 C 2903, 2014 WL 717032, at *5 (N.D. Ill. Feb. 20, 2014) ("mistakes, ignorance of the law, and miscalculation of the statute of limitations are 'garden variety' incidents of neglect that do not warrant equitable tolling").

Petitioner's second excuse fails for similar reasons. Petitioner presented no evidence to specify or substantiate the lockdowns and restrictions on law-library access about which he complains. *See Green v. Rednour*, No. 10 C 6088, 2011 WL 4435641, at *4-5 (N.D. Ill. 2011) (equitable tolling denied; petitioner failed to specify lockdown periods or explain how lockdown status interfered with his ability to put petition in the mail; "to characterize [petitioner's] allegations about institutional lockdown as sufficient to support equitable tolling would effectively eviscerate the statute of limitations for any prisoner at Menard"); *see also Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (equitable tolling not available where habeas petitioner had no access to law library during sixty days while in segregation and had severely limited access to library at all other times). In any event, neither lockdowns nor concomitant lack of law–library access provides a basis for equitable tolling. *Tucker*, 538 F.3d at 734-35; *Jones*, 449 F.3d at 789; *see also Estremera v. United States*, 724

F.3d 773, 777 (7th Cir. 2013) (declining to disturb *Tucker* or *Jones*, but holding that lack of library access can, in principle, constitute impediment to filing under § 2244(d)(1)(B)).

Petitioner also fails to demonstrate his diligence in pursuing his claims despite the obstacles he alleges. Regarding his own efforts, Petitioner asserts only that he sought advice from the inmate law clerk in a "timely" manner. This allegation is inadequate to show the requisite diligence, particularly because the § 2254 petition was over six months late. *See Obriecht*, 727 F.3d at 751 ("conclusory statements" insufficient to show diligence); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (waiting five months to file federal habeas petition after conclusion of state postconviction review shows lack of diligence)*; Taylor*, 724 F.3d at 811-12 ("When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing."). Because Petitioner fails to carry his burden of establishing either extraordinary circumstances or diligence, he is ineligible for equitable tolling and his habeas petition is dismissed.

**B.     Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters final judgment adverse to a habeas petitioner. To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Evans v. Circuit Court of Cook County, Ill*., 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims -- as is the case here -- a petitioner must also show that jurists could debate whether the court's procedural ruling

was correct. *Id.* at 484-85. Here, no reasonable jurist would find it debatable whether Petitioner is entitled to relief under 28 U.S.C. § 2254. Accordingly, I decline to issue a certificate of appealability.

### III. CONCLUSION

Because it is clearly time-barred, I dismiss this petition for writ of habeas corpus and decline to certify its claims for appeal.

ENTER:

James B. Zagel
United States District Judge

DATE: December 3, 2014